# In the United States Court of Federal Claims

**No. 19-771C**
**Filed: June 4, 2019**

* * * * * * * * * * * * * * * **

|  |  |  |
|---|---|---|
| ROBERT SHAPIRO, | * |  |
|  | * |  |
| Plaintiff, | * |  |
|  | * | **Pro Se Plaintiff; Failure to State a** |
| v. | * | **Claim; Absence of Jurisdiction.** |
|  | * |  |
| UNITED STATES, | * |  |
|  | * |  |
| Defendant. | * |  |

* * * * * * * * * * * * * * * *

**Robert Shapiro**, pro se, New York, New York.

**Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant, and **Joseph H. Hunt**, Assistant Attorney General, Civil Division, Department of Justice.

## ORDER

### HORN. J

Pro se plaintiff Robert Shapiro has filed a complaint against the United States alleging:

> A a independent facility agency of United States character Education agency was or recently, date of 07/2014 – 05/2015 either charactered from possible facts or possible brief as independently effected or a the State stated to do State case briefly facts the facts of case or to do caused to initiate file, or 202 512 was 502 and was a previous independent Institution was by a previous complaint claim or United States agency was becoming inhabitant or preparation costs the statement of claims arbitrate protest pre-oword. the tax – decloratory judgement.[1]

In the complaint, for relief, plaintiff asks the court to "Claim Convene a case to Arbitration Aword arbitrate aword document as tax - decloratory judgement by the state. For instance". Plaintiff also seeks to "Apply application for infrma pauperis in the form of

---

[1] Plaintiff's capitalization, choice of words, spelling errors, grammatical errors, and fragments of sentences, which appear throughout plaintiff's complaint, have been included in this Opinion when quoted unchanged.

United States 224 state refund claiming document". Plaintiff also filed an Application to Proceed In Forma Pauperis. Plaintiff's in forma pauperis application, however, is moot, because, as discussed below, plaintiff has failed to state a claim or properly invoke the jurisdiction of this court.

In his complaint, plaintiff asserts the grounds for this court's jurisdiction as the following:

> Contract of Realty Sale of Conjugate-tax, or was ground was variety nature-suit code 49, 469, or from 469 deceased David Shapiro 453, 484 was filed case this in limited State States of IL, Texas, AZ, 459 474 of jurisdiction 449, 466 and was pursuant pursuant penalty complaint 508, was not series and or a 502 500 346↔138.

While asserting that this case is not directly related to a pending or previously filed case in this court, the complaint makes references to other suits, listing some sort of "suit code[s]." Prior to filing the complaint in the above-captioned case, however, plaintiff, in fact, had filed three identifiable complaints in the United States Court of Federal Claims, which were assigned to judges other than the undersigned. One of plaintiff's earlier complaints was dismissed because "the complaint makes clear that the Court does not possesses subject-matter jurisdiction to consider any of plaintiff's claims. And so, the Court must dismiss this matter for lack of subject-matter jurisdiction." Shapiro v. United States, No. 17-1883C, 2018 WL 1664654, at *4 (Fed. Cl. Apr. 6, 2018), appeal dismissed, Nos. 18-1760, -1963, -1964 (Fed. Cir. July 30, 2018), cert. denied, No. 18-7402 (U.S. Mar. 4, 2019). The appeal plaintiff filed of the judge's April 6, 2018 Opinion and judgment was dismissed by the United States Court of Appeals for the Federal Circuit on July 30, 2018, based on plaintiff's "failure to prosecute in accordance with the rules." See Order Dismissing Case at 1, Shapiro v. United States, Nos. 18-1760, -1963, -1964. As of the date of the issuance of this Opinion, plaintiff's other two complaints, not assigned to the undersigned, remain pending. See Shapiro v. United States, No. 18-1976T (Fed. Cl. filed Dec. 20, 2018); Shapiro v. United States, No. 18-1780T (Fed. Cl. filed Nov. 7, 2018). Moreover, plaintiff also appears to have filed complaints in other federal courts, as well.

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations

in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

Plaintiff's attempt at filing a complaint fails because plaintiff's submission is incomprehensible and not sufficient to state a claim in this or any other court of law. In examining what must be pled in order to state a claim, a plaintiff need only state in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2) (2018); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The United States Supreme Court, however, has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [Conley v. Gibson, 355 U.S. 41, 47 (1957)]; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely") . . . . [W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56, 570 (footnote and other citations omitted; omissions in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570); Frankel v. United States, 842 F.3d 1246, 1249 (Fed. Cir. 2016); A&D Auto Sales, Inc. v. United States, 748 F.3d 1142, 1157 (Fed. Cir. 2014); Bell/Heery v. United States, 739 F.3d 1324, 1330 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2014); Kam-Almaz v. United States, 682 F.3d 1364, 1367 (Fed. Cir. 2012) ("The facts as alleged 'must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557)); Totes-Isotoner Corp. v. United States, 594 F.3d 1346, 1354-55 (Fed. Cir.), cert. denied, 562 U.S. 830 (2010); Bank of Guam v. United States, 578 F.3d 1318, 1326 (Fed. Cir.) ("In order to avoid dismissal for failure to state a claim, the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557)), reh'g and reh'g en banc denied (Fed. Cir. 2009), cert. denied, 561 U.S. 1006 (2010); Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) ("[A] plaintiff must plead factual allegations that support a facially 'plausible' claim to relief in order to avoid dismissal for failure to state a claim." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)); Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir.) ("The factual allegations must be enough to raise a right to relief above the speculative level. This does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 570)), reh'g denied (Fed. Cir.), cert. denied, 557 U.S. 937 (2009); Christen v. United States, 133 Fed. Cl. 226, 229 (2017); Christian v. United States, 131 Fed. Cl. 134, 144 (2017); Vargas v. United States, 114 Fed. Cl. 226, 232 (2014); Fredericksburg Non-Profit Hous. Corp. v. United States, 113 Fed. Cl. 244, 253 (2013), aff'd, 579 F. App'x 1004 (Fed. Cir. 2014); Peninsula Grp. Capital Corp. v. United States, 93 Fed. Cl. 720, 726-27 (2010), appeal dismissed, 454 F. App'x 900 (Fed. Cir. 2011); Legal Aid Soc'y of N.Y. v. United States, 92 Fed. Cl. 285, 292, 298 n.14 (2010).

Plaintiff's statement of his claims in his complaint was one run-on phrase with no indication of what any official of the United States government did, or failed to do, that caused plaintiff any harm. His written allegations are impossible to understand. The statement alleges "possible facts or possible brief" regarding a harm that "a independent facility agency of United States character" allegedly inflicted upon him between July 2014 to May 2015. Midway through the statement, plaintiff indicates another avenue for his case, and begins speculating about a "previous independent Institution[.]" Throughout his statement, plaintiff uses words and references that appear randomly inserted with no background information, and are unconnected to the previous thought.[2] Above all, plaintiff's statement provides no logical description of what has occurred or what relief he is seeking. Plaintiff's submission to the court, therefore, fails to state a claim for injury or controversy as to which this court may grant relief.

---

[2] For instance, partway through the statement of the claim, plaintiff uses the phrase "or 202 512 was 502 and was a previous independent Institution was by a previous complaint claim or United States agency was becoming inhabitant or preparation costs the statement of claims arbitrate protest pre-oword. the tax - decloratory judgement."

Moreover, plaintiff's rambling submission offers no valid basis for this court to exercise jurisdiction. "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2018); Fed. R. Civ. P. 8(a)(1), (2) (2019); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

This court's subject-matter jurisdiction mandates that a plaintiff must have a claim against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also United States v. Mitchell, 463 U.S. 206, 216 (1983); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999). In his complaint, plaintiff asserts jurisdiction of this court by stating "Contract of Realty Sale of Conjugate-tax, or was ground was variety nature-suit code 49, 469 . . . was filed case this in limited State States of IL, Texas, AZ, 459 474 of jurisdiction 449, 466 and was pursuant pursuant penalty complaint 508, was not series and or a 502 500 346↔138." Plaintiff's complaint, however, does not contain a coherent explanation or offer understandable information, either in the "Jurisdiction" section of his submission or in the "Statement of the Claim" section of his submission. In fact, plaintiff provides no

factual, logical, or specific information in his submission about the basis for his claim that would allow his case to be entertained in this court.

## CONCLUSION

Plaintiff's complaint is **DISMISSED** for failure to state a claim and for lack of jurisdiction. Plaintiff's Application to Proceed <u>In Forma Pauperis</u> is **MOOT**. The Clerk of Court shall enter **JUDGMENT** dismissing plaintiff's submission, consistent with this Order.

**IT IS SO ORDERED.**

MARIAN BLANK HORN
Judge